UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. MOWRY,<br><br>       Plaintiff,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>       Defendant. | Case No.  18-cv-07028-VC<br><br>**ORDER GRANTING MOTION TO DISMISS OR TRANSFER**<br><br>Re: Dkt. No. 9 |

   Oracle's motion to dismiss or transfer is granted. The case is transferred to the Western District of North Carolina.

   Venue is improper in this district. Because the case includes a Title VII claim, Title VII's venue provision controls over the general federal venue statute. *See, e.g.*, *Enoh v. Hewlett Packard Enter. Co.*, No. 17-CV-04212-BLF, 2018 WL 3377547, at *7 (N.D. Cal. July 11, 2018). Under that provision, venue is proper in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged employment practice." 42 U.S.C. § 2000e-5(f)(3). Mowry has not established that venue is proper in the Northern District of California based on any of these three prongs. Mowry also has not established that Oracle waived any venue defense with respect to this employment discrimination action.

   Mowry, however, agrees that her case could have been properly brought in the Western District of North Carolina, and that the case should be transferred there in the event that the Court finds that venue is improper here. *See* Dkt. No. 20 at 10. Accordingly, the Clerk of the

2

Court is directed to transfer the case to the Western District of North Carolina.

**IT IS SO ORDERED.**

Dated: March 12, 2019

_____
VINCE CHHABRIA
United States District Judge